```
                UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF NORTH CAROLINA
                        RALEIGH DIVISION

In re:                              )      Case Number:
                                    )
JENNIFER DAWN WILLIAMS              )      10-04139-8-SWH
                                    )
     DEBTOR                         )      Chapter 13
                                    )
MARJORIE K. LYNCH,                  )
BANKRUPTCY ADMINISTRATOR            )
E.D.N.C.                            )
                                    )
     PLAINTIFF                      )      ADVERSARY PROCEEDING
                                    )      NO:_____
     v.                             )
                                    )
LAW OFFICES OF ARMEN JANIAN         )
& ASSOCIATES, PLC,                  )
ARMEN JANIAN, ESQ., ARMEN           )
JANIAN d/b/a LAW OFFICES            )
OF ARMEN JANIAN & ASSOCIATES,       )
PLC, YETTA LEE, KAMILI SAMMS,       )
ALLEN SIMON, and STEVE ALARID       )
                                    )
     DEFENDANTS                     )
_____
```

## VERIFIED COMPLAINT

**COMES NOW** Marjorie K. Lynch, Bankruptcy Administrator for the Eastern District of North Carolina, by and through her undersigned counsel, and complains of Defendants by alleging and saying as follows:

### JURISDICTION AND VENUE

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334 and 11 U.S.C. §§105(a), and 110(j)(1),(2)(A) and (2)(B). The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

1

2. The Plaintiff has standing to pursue this adversary proceeding pursuant to Section 317 of the Judicial Improvements Act of 1990, which states the Bankruptcy Administrator has standing to be heard on any issue, in any case or proceeding under this title.

3. Upon information and belief, the Co-Defendant, Armen Janian of The Law Offices of Armen Janian and Associates ("Janian & Associates"), is a citizen and resident of Los Angeles County, California and has a mailing address and regularly conducts business at 1156 N. Brand Blvd., Glendale, California, 91202.

4. Upon information and belief, the Co-Defendant, The Law Offices of Armen Janian & Associates, A Professional Law Corporation, status as a corporate entity has been suspended by the California Secretary of State. The agent of record for service is Armen Janian with a mailing address of 1156 N. Brand Blvd., Glendale, California, 91202.

5. Upon information and belief, the Co-Defendants, Yetta Lee ("Lee"), Kamili Samms ("Samms"), Allen Simon("Simon"), and Steve Alarid ("Alarid") are employees of Co-Defendant Armen Janian. These Defendants regularly conduct business at 1156 N. Brand Blvd., Glendale, California, 91202.

6. The Defendants acted as bankruptcy petition preparers, as that term is defined in 11 U.S.C. § 110, in the case of Chapter 13 Debtor, Jennifer Dawn Williams ("Debtor").

7. This Complaint is brought pursuant to 11 U.S.C. §§ 110, 330, 526, 527, and 528 and Bankruptcy Rule 2017 and 9011, complaining that the Defendants have committed numerous violations of the Bankruptcy Code and Rules.

### ALLEGATIONS AND AVERMENTS IN SUPPORT OF THE PLAINTIFF'S CAUSE OF ACTION

All factual allegations are based upon information and belief as follows:

8. Paragraphs 1-7 are incorporated herein by reference as if set out in full.

9. The above-captioned pro se bankruptcy petition ("Petition"), filed under Chapter 13 of the United States Bankruptcy Code, was commenced on May 21, 2010 (Docket #1) Case # 10-04139-8-SWH.

10. The Debtor filed this Petition upon the advice of and with the aid of the Defendants.

11. The Debtor sought out the services of the Defendants for assistance with a home loan modification. In the early fall of 2009, the Debtor initiated contact with the Defendants by filling out a questionnaire on the Defendants' website http://www.janianandassociates.com/.

12. On November 03, 2009, Simon, an employee of Janian & Associates, initiated contact with the Debtor via email. This email stated, amongst other things, that:

> "I've been trying to reach you regarding your current mortgage situation. I don't know if you have gotten help yet but I wanted to try again to get through because your case is so urgent. I know that when you start falling behind things begin to snowball and it seems that there is nothing that you can do to get caught up no matter what you try. Well, that's not true, we help homeowners everyday that are in same if not much worse situation as you have found yourself in right now. We are a very strong, knowledgeable law firm with over 27 years of real estate litigation experience and we fight for the very best result that benefits the homeowner, not the lender." (Exhibit # 1)

13. On or about December 16, 2009, the Debtor sent an email response to Simon and inquired how she could initiate the services Janian and Associates. (Exhibit # 1)

14. On or about December 17, 2009, Simon sent the Debtor an email informing her that, "the attorneys have accepted your file and are willing to work on your behalf." The email further provided a "breakdown of the process" and requested that the Debtor complete a "retainer, power of attorney, and check payment form." (Exhibit # 2)

15. On or about December 28, 2009, the Debtor faxed to the Defendants signed copies of the following: "Real Estate

3

Services Retainer," "Limited Power or Attorney," and "Check Purchase Authorization Form". (Exhibit # 3)

16. Pursuant to the "Check Purchase Authorization Form," the Defendants directly withdrew, in four installments, approximately $3,000.00 from the Debtor's Checking Account in connection with representing the Debtor in her loan modification and preparation of the Bankruptcy Petition.

17. On or about March 29, 2010, the Debtor received an email from Alarid, an employee of Janian & Associates, informing the Debtor that they, "need a most recent bk statement from you please. Still in active review. (looking good)." In response, the Debtor emails, "I'm faxing it over to you right now. And are you sure things are looking good? Because I received a certified letter on Friday advising me of a judgement filed in Superior Court where I have to appear to contest a foreclosure proceeding against my real property." Alarid responds to this email with "[s]end it to me so I can file a answer and keep you out of court asap!". (Exhibit # 4)

18. On or about March 29, 2010, the Debtor emailed an electronic copy of the foreclosure documentation to Alarid. On or about April 29, 2010, the Debtor faxed the same foreclosure information to Janian and Associates.

19. On May 21, 2010, the Debtor received an email from Samms, an employee of Janian & Associates, informing the Debtor that:

> "Your file has been escalated to the legal department as a result of the sale date on your property for Monday, May 24, 2010. I have just spoken with HSBC and they are not willing to postpone the sale date due while the modification is still being reviewed. **Therefore, we advise you to file bankruptcy on Monday to stop the sale date.** It is imperative you call me ASAP to discuss your file. My direct line is 818-334-6631. If you reach my voicemail please hang up and call 877-369-4529 and ask the operator to locate me or Nancy Shaw." (**Emphasis Added**) (Exhibit # 5)

20. On or about May 21, 2010, Samms emailed the Debtor the following prepared documents for filing with the Court: Bankruptcy Petition (Official Form B1), Certification of Notice To Consumer Debtor (Form 201B), Exhibit D - Individual Debtors

Statement Of Compliance With Credit Counseling Requirement (Official Form 1 – Exhibit D), Statement of Social Security Number (Official Form 21), and a Creditor Matrix listing two creditors. (Exhibit # 6)

21. Upon the advice of the Defendants the Debtor filed these documents with the Court and appear as Docket entires number 1 & 2.

22. On or about May 25, 2010, Samms emailed the Debtor and advises her that "This information is good for now, thank you. I also confirmed the sale was stopped so we are ok. I'll be following up with the bank to see where we are with the modification." On or about May 26, 2010, in response via email, the Debtor inquired about the effect the bankruptcy filing would have on the modification process. On or about May 27, 2010, Samms replies:

> "I received the documents, thank you. They have been sent to the lender to notify them of the filing and I confirmed with the bank that the foreclosure did not proceed. The reason the modification will be delayed now that your filed bankruptcy is because this is a federal filing and the bank must make sure they follow the procedures properly. This now goes through their bankruptcy department which is more backed up than the modification department. It usually delays the decision by another 30 days[…]. Yetta Lee in our legal department will be in touch with you next week to discuss any additional steps needed in the bankruptcy filing." (Exhibit # 7)

23. On or about June 04, 2010, Lee, an employee of Janian & Associates, emailed the Debtor a "Motion for Extension of Time to File Required Documents." This motion is drafted as though it was completed by the Debtor pro se. The following message accompanied the draft motion:

> "I am out of the office on a family emergency until Tuesday June 8th. **I will send the additional documents before the date specified in the extension, this form needs to be to the court today**. Please feel free to reach me via my cellphone if you have any questions." (**Emphasis Added**) (Exhibit # 8)

24. The "Motion for Extension of Time to File Required Documents" was filed by the Debtor on June 4, 2010 and appears as Docket entry number 16.

25. On or about June 11, 2010, Lee emailed the Debtor the following documents for filing: Chapter 13 Schedules, Statement of Financial Affairs, Statement of Current Monthly Income, and Chapter 13 Plan. (Exhibit # 9)

26. The Chapter 13 Schedules, Statement of Financial Affairs, Statement of Current Monthly Income, and Chapter 13 Plan were completed by the Defendants with little input or documentation from the Debtor. These documents contain many inaccuracies.

27. At the instruction of the Defendants, the Debtor filed the Schedules, Statement of Affairs, Statement of Current Monthly Income, and Chapter 13 Plan and appear as Docket entries 19 & 20.

28. On or about June 18, 2010, the Debtor informs Lee, via email, that her 341 Meeting went badly and the trustee would be filing a motion to dismiss, because the, "filing was incomplete and poorly done". (Exhibit #10)

29. On or about June 18, 2010, Lee provides the following response via email to the Debtor:

> "Did he tell you what was wrong....he has to tell you what needs to be corrected and did you take pay-stubs and your income taxes with you, you need to call ASAP so we can file amended schedules b4 he files the motion. Did he give you the opportunity to correct what ever it was he found non-compliant? This is the 1st time this has happened." (Exhibit # 10)

30. On or about July 09, 2010, the Debtor emailed Samms and Lee regarding a Show Cause Hearing related to failure to provide a certificate of credit counseling. (Exhibit #11)

31. On or about July 10, 2010, Lee responds via email to the Debtor's inquiry regarding the Show Cause Hearing with the following, "[c]all me, I have lef[sic] several messages for you with no return call, mjy[sic] cell # is [redacted]. I will

guide u through this". (Exhibit # 11)

32. On or about July 11, 2010, Lee contacted the Debtor via telephone. During this conversation Yetta Lee advised the Debtor of the following: (1) that the Debtor's case was being dismissed because the Debtor had failed to take her credit counseling class; (2) that the Debtor should inform the Court that the Debtor thought the financial management course was the same as credit counseling; (3) that Lee was willing to take the credit counseling course for the Debtor; and, (4) if the Debtor's case was dismissed Janian and Associates might be willing to pay the fees associated with refiling a new case. (Exhibit # 11)

33. On or about July 12, 2010, Lee had a telephone conversation with the Debtor. During this conversation Lee advised the Debtor of the following: (1) Debtor should take foreclosure notice into Court and explain that Debtor filed to save her home; (2) Debtor should **lead the Court to believe she was filing pro se because that would cause the Court to be more lenient;** (3) Debtor should misrepresent to the Court the number of unsecured creditors that she owed; and, (4) Debtor would be receiving a questionnaire from Janian and Associates, so that the schedules could be redone. (Exhibit # 12)

34. On or about July 12, 2010, Lee emailed the Debtor a copy of the bankruptcy questionnaire. (Exhibit # 13)

35. On or about July 16, 2010, the Debtor emailed Lee informing her that she would like a refund, as well as information regarding how to make such a request. To date, the Debtor has not received a response. (Exhibit # 14)

36. The Defendants are not licensed to practice law in the State of North Carolina.

37. The Defendants are not admitted to practice within the United States District or Bankruptcy Courts for the Eastern District of North Carolina.

38. Defendant Armen Janian is licensed to practice law in the State of California. (Exhibit # 15)

39. The Defendants operate a website with a web address of http://www.janianandassociates.com/. This website includes a

section related to bankruptcy relief. (Exhibit # 16)

40. Co-Defendant, The Law Offices of Armen Janian & Associates, A Professional Law Corporation, status as a corporate entity has been suspended by the California Secretary of State. (Exhibit # 17)

41. The Defendants do not disclose their involvement in this case within the Petition, or any other document prepared by the Defendants for the Debtor and filed with the Court.

42. The Petition does not disclose or include the Defendants' social security numbers, names, signatures or addresses.

43. The Defendants have not provided any documents to the Debtor, for the purpose of filing with the Court, disclosing the identity of the individual or indviduals who prepared the documents.

44. Upon information and belief, the Defendants did not provide the Debtor an Official Form B19 prior to the preparation of the Debtor's Petition and Statement and Schedule of Affairs.

45. No Official Form B19 was filed with the Court.

46. At no time did the Defendants inform the Debtor of the presumptive fee for petition preparer services within the Eastern District of North Carolina.

47. Defendants have made no disclosure to the Court or Bankruptcy Administrator related to fees paid for petition preparer services.

48. The Debtor suffered real and measurable damages potentially in excess of $20,000.00 as a result of the Defendants' actions.

49. As a result of the Defendants' actions, the Debtor had to hire counsel to represent her in this bankruptcy. She will be paying her attorney $3,000.00.

## Cause of Action:
## Failure to Comply with 11 U.S.C. § 110

50. Paragraphs 1-49 are incorporated herein by reference as if set out in full.

51. The activities of the Defendants meet the definition of a bankruptcy petition preparer under 11 U.S.C. § 110.

52. The Defendants are Bankruptcy Petition Preparers as defined by 11 U.S.C. § 110 of the Bankruptcy Code. 11 U.S.C. § 110 of the Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A "document for filing" is "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under" title 11.

53. 11 U.S.C. § 101(4) defines the term "attorney" as an "attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law." The Defendants do not fall under the definition of "attorney" as it is believed they are not authorized to practice law within the State of North Carolina and/or United States District or Banrkuptcy Courts for the Eastern District of North Carolina.

54. Pursuant to 11 U.S.C. § 110(b)(1), a bankruptcy petition preparer who prepares a document for filing is required to sign the document and print on the document the preparer's name and address. The Defendants prepared a total of ten (10) documents for filing for the Debtor. The Defendants failed to comply with this provision on multiple occasions and should be fined a maximum of $500 for each violation of this section. See, 11 U.S.C. § 110(l)(1).

55. The Defendants have, on multiple occasions, violated 11 U.S.C. § 110(b)(2)(A). Pursuant to 11 U.S.C. § 110(b)(2)(A), a bankruptcy petition preparer is required to provide the Debtor, prior to the preparation of any document or accepting any fee, with Official Form B19. This form is to be signed by both the debtor and petition preparer and must accompany any document filed. See 11 U.S.C. § 110(b)(2)(B). The Defendants failed to comply with this provision and are subject to the

maximum fine of $500 for each instance. See 11 U.S.C. § 110(l)(1).

56. The Defendants have, on multiple occasions, violated 11 U.S.C. § 110(c)(1). Pursuant to 11 U.S.C. § 110(c)(1), a bankruptcy petition preparer who prepares a document for filing must include his or her Social Security Number. The Defendants prepared ten (10) separate documents for filing to the Debtor. The Defendants failed to comply with this provision and are subject to the maximum fine of $500 for each instance. See 11 U.S.C. § 110(l)(1).

57. The Defendants have, on multiple occasions, violated 11 U.S.C. § 110(e)(2)(a). Pursuant to 11 U.S.C. § 110(e)(2)(A), a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice. Upon information and belief, the conduct detailed within ¶¶ 19-34 of this Complaint constitute, at a minimum, nineteen (19) separate instances in which the Defendants provided the Debtor legal advice in violation of this section. The Defendants violated this provision and are subject to the maximum fine of $500 for each instance. See 11 U.S.C. § 110(l)(1).

58. In this district, the presumptive fee for petition a preparer is $80. See In re Moore, 283 B.R. 287 (Bankr.E.D.N.C. 2002); In re Moore; 290 B.R. 287 (Bankr. E.D.N.C. March 20, 2003). Upon information and belief, the Defendants received $3000.00 for services related to the preparation of the Debtor's bankruptcy filings.

59. The Defendants have violated 11 U.S.C. § 110(h)(1). Pursuant to 11 U.S.C. § 110(h)(1), a bankruptcy petition preparer must notify the Debtor of the maximum allowable fee for preparing a document. The Defendants failed to advise the Debtor of the maximum allowable fee and are subject to the maximum fine of $500. See 11 U.S.C. § 110(l)(1).

60. The Defendants have violated 11 U.S.C. § 110(h)(2). Pursuant to 11 U.S.C. § 110(h)(2), a bankruptcy petition preparer must file, together with the petition, a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within the year before the petition was filed, and any unpaid fee charged to the debtor. The Defendants violated this provision and are subject to the maximum fine of $500 for each instance. See 11 U.S.C. § 110(l)(1).

61. Upon information and belief, the conduct of the Defendants as it relates to the events detailed herein is fraudulent, unfair, and deceptive, which is prohibited under 11 U.S.C. § 110(i)(1). Such actions of the Defendants constitute the unauthorized practice of law under N.C. Gen. Stat. §84-4. In addition, the filing of said documents without the inclusion of the petition preparer's name, signature, address, or social security number constitutes a deceptive act.

11 U.S.C. § 110(i)(1) provides in pertinent part "[i]f a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor-- (A) the debtor's actual damages; (B) the greater of-- (i) $ 2,000; or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services."

The Debtor has suffered real and measurable damages as a result of the Defendants' conduct. As a result of the Defendants' conduct, the Debtor has been forced to take leave from her employment on numerous occasions, and has had to hire Counsel to salvage her filing at a cost of $3,000.00.

62. 11 U.S.C. § 110(l)(2) provides in pertinent part "the Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the Court finds that a bankruptcy petition preparer—…(C) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."

In the instant case, nowhere within the Petition filed with the Court or any other document on the Docket are the Defendants disclosed as the preparer of the Debtor's Petition or the other documents filed with the Court as recited herein.

WHEREFORE, the Bankruptcy Administrator prays unto the Court that the following relief be granted:

1. That the Court find the Defendants, joint and severally, violated 11 U.S.C. § 110;

2. That the Court find the actions of the Defendants, joint and severally, to be unfair, deceptive, or fraudulent in

11

      violation of 11 U.S.C. § 110;

3. That the Court fine the Defendants, joint and severally, for as many as fifty-seven (57) violations of 11 U.S.C. § 110 in the maximum amount of $500 for each instance, up to approximately $28,500.00;

4. That the Court triple the amount of fine assessed against the Defendants, joint and severally, pursuant to 11 U.S.C. 110(l)(2), up to approximately $85,500.00;

5. That the Defendants be permanently enjoined from practicing as a bankruptcy petition preparer, and/or providing debt relief assistance within the Eastern District of North Carolina;

6. That the Defendants, joint and severally, be ordered to pay to the Debtor $6,000, pursuant to 11 U.S.C. § 110(i)(1)(B)(2);

7. The Defendants, joint and severally, be ordered to pay to the Debtor all damages, potentially in excess of $20,000.00, attributable to their conduct; and,

8. For any such other relief the Court deems just and proper.

Respectfully submitted this the 31st day of August.

                                                By: /s/Brian C. Behr
                                                Brian C. Behr
                                                Staff Attorney
                                                NC Bar #36616

Office of the Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville St
Suite 620
Raleigh, NC  27601
919-856-4886

## VERFICATION

I, Jennifer Dawn Williams, declare as follows:

I have read the foregoing Complaint. The matters stated within ¶'s 9-35, 41-46, and 49 of this Complaint are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jennifer Dawn Williams*

Jennifer Dawn Williams

The foregoing instrument was acknowledged before me this 30th day of August, 2010 by Jennifer Dawn Williams, who are known to me, or who presented sufficient evidence of identity to me.

*/s/ Parker M. Worth*

Parker M. Worth, Notary Public

Wake County, North Carolina

My commission expires: 11-8-2014

PARKER M WORTH
NOTARY PUBLIC
WAKE COUNTY, NC
My Commission Expires 11-8-2014